**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **HOWELL W. WOLTZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:09-0209** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Document No. 1.), Supplemental Section 2241 Petitions (Document Nos. 3 - 6, and 8.), and Motion for Declaratory Judgment (Document No. 10.).[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be construed as a successive Motion under Section 2255 and denied (1) because Petitioner has not obtained the authorization of the Fourth Circuit Court of Appeals to file a successive Section 2255 Motion; (2) jurisdiction is in the Court where Petitioner was sentenced, the Western District of North Carolina; and (3) in any event, Petitioner is not entitled to relief under Section 2241.

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## FACT AND PROCEDURE

**A.      Criminal Action Nos. 3:06-0074 and 5:07-0003:**

Pursuant to an Indictment filed on April 4, 2006, charging Petitioner with conspiracy to defraud the United States (tax conspiracy), making false declarations before the Grand Jury or Court and influencing and tampering with witnesses, Petitioner was prosecuted along with three other persons in the Western District of North Carolina, Charlotte Division. United States v. Woltz, Criminal No. 3:06-0074 (W.D.N.C. Oct. 15, 2007). Petitioner signed a Plea Agreement on January 26, 2007, agreeing to plead guilty to Count One of the Indictment charging him with tax conspiracy and an Information in United States v. Woltz, Criminal No. 5:07-0003, charging him with engaging in a money laundering conspiracy in violation of 18 U.S.C. § 1956(h). Under the Plea Agreement, Petitioner waived "all . . . rights to contest the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel; or (2) prosecutorial misconduct. * * * [T]he defendant waives all rights to appeal or collaterally attack the sentence of conviction with . . . the exceptions set forth above." Plea Agreement, ¶ 19. Petitioner also agreed "to waive any rights under the Speedy Trial Act." Plea Agreement, ¶ 22. On October 15, 2007, Petitioner was sentenced to a 60 month term of imprisonment in Criminal No. 3:06-0074, an 87 month term of imprisonment in Criminal No. 5:07-0003, and a three year term of supervised release in both matters with the terms of imprisonment and supervised release to run concurrently. Petitioner did not appeal his conviction or sentence.

**B.      First Section 2241 Petition:**

On September 17, 2008, Petitioner filed his first Section 2241 Petition with this Court. (Civil Action 08-1103, Document No. 1.) In his Petition, Petitioner argued that his constitutional and statutory speedy trial rights were violated in the course of his prosecution in the Western District

2

of North Carolina. (Id.) Petitioner further alleged prosecutorial misconduct and ineffective assistance of counsel. (Id.) By Memorandum Opinion and Order entered on October 22, 2008, the undersigned transferred the matter to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1631. (Id., Document No. 3.) The above action was filed in Western District of North Carolina on October 28, 2008, and assigned Civil Action No. 3:08-0488. Woltz v. United States of America, Civil Action 3:08-0488, Document No. 1. By Order entered on November 13, 2008, the Western District of North Carolina determined that this Court "did not technically convert Petitioner's filing to a § 2255 motion." Id., Document No. 2. Therefore, the Western District of North Carolina advised Petitioner of his rights under United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), and ordered as follows: (1) "Within fifteen days of the filing of this Order, Petitioner shall file a response to this order indicating whether or not he wishes his § 2241 filing to be construed as a § 2255 motion;" (2) If Petitioner elects to have his § 2241 filing construed as a § 2255 motion, he must indicate precisely which of the claims in his § 2241 were not asserted in his § 2255 motion;" and (3) If Petitioner elects to have his § 2241 filing to remain as such, the court will dismiss that filing for lack of jurisdiction and will consider only the claim raised in the § 2255 motion in Case No. 3:08-CV-438." Id. On November 26, 2008, Petitioner filed his Response indicating that he did not wish for his Section 2241 Petition to be construed as a Section 2255 Motion. Id., Document No. 3. Specifically, Petitioner requested that the District Court "[r]eview the Petitioner's § 2241 habeas corpus petition as submitted, where the Petitioner has challenged the fact of his conviction and seeks to have it vacated so that he may be released from incarceration immediately." Id. By Order entered on December 3, 2008, the Western District of North Carolina dismissed Petitioner's Section 2241 Motion for lack of jurisdiction. Id., Document No. 4. On

December 11, 2008, Petitioner filed a "Motion to Alter Judgment Under Rule 59(e)." Id., Document No. 6. By Order entered on September 29, 2009, the Western District of North Carolina denied Petitioner's "Motion to Alter Judgment Under Rule 59(e)." Id., Document No. 9.

**C.      Section 2255 Motion:**

On September 23, 2008, Petitioner filed in the United States District Court for the Western District of North Carolina a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Woltz v. United States, Civil Action No. 3:08-00438, Document No. 1. Petitioner asserted the following grounds of error: (1) Breach of Contract by Government (Id., pp. 14 - 20.); (2) Constitutional Violations in Coercion of Involuntary Plea of Guilty to Uncommitted Crimes (Id., pp. 20 - 26.); (3) Judicial Misconduct (Id., pp. 27 - 35.); (4) Actual Innocence (Id., pp. 35 - 42.); and (5) Ineffective Assistance of Counsel (Id., pp. 42 - 48.). By Order entered on October 3, 2008, the District Court ordered the United States to file an Answer to Petitioner's claims as set forth in his Section 2255 Motion and Memorandum in Support. Id., Document No. 2. On October 20, 2008, Petitioner filed a Motion for Recusal requesting that District Judge Earl Britt be recused from "any further proceeding in the above-referenced case." Id., Document No. 3. On November 5, 2008, Petitioner filed a "Motion to Remove Government Attorneys for Cause." Id., Document No. 4. By Order entered on November 13, 2008, the District Court denied Petitioner's "Motion to Remove Government Attorneys for Cause." Id., Document No. 7. On February 27, 2009, Respondent filed its Response to Petitioner's Motion Under 28 U.S.C. § 2255 and a Motion for Summary Judgment.[2] Id., Document Nos. 21 and 22. Respondent argued that Petitioner's Section 2255 Motion should be

_____

[2] Respondent filed four Motions for Extension of Time to file a response. *Woltz v. United States*, Civil Action No. 3:08-0438, Document Nos. 5, 8, 14, 16. The District Court granted Respondent's Motions for Extension of Time. *Id.*, Document Nos. 6, 11, 15, 17.

denied because (1) "Woltz knowingly and voluntarily entered a plea of guilty in accordance with his plea agreement;" and (2) "Woltz has not met and cannot meet the high burden for stating an ineffective-assistance claim." Id. By Order entered on March 3, 2009, the District Court ordered Respondent to file a response to Petitioner's Motion for Recusal and Motion to Amend. Id., Document No. 23. On March 11, 2009, Respondent filed his Response to Petitioner's Motion for Recusal and Motion to Amend. Id., Document No. 27. Petitioner filed his Reply to Respondent's Answer on March 27, 2009. Id., Document No. 30. On April 21, 2009, Petitioner filed a "Motion for Discovery Under Rule 6." Id., Document No. 31. On May 13, 2009, Petitioner filed a Motion to Compel. Id., Document No. 32. On June 17, 2009, Petitioner filed a "Motion for Summary Judgment on Discovery Request" and "Motion for Sanctions Under Rule 11." Id., Document Nos. 34 and 35. On July 13, 2009, Petitioner filed a "Motion for Summary Judgment in Favor of Petitioner in Motion to Vacate Sentence" and "Motion for Summary Judgment on Recusal and New Evidence." Id., Documents Nos. 36 and 37. By Order entered on January 7, 2010, the District Court denied Petitioner's Motion for Discovery (Document No. 31.), Motion to Compel (Document No. 32.), Motion for Summary Judgment on Discovery Request (Document No. 34.), Motion for Sanctions (Document No. 35.), and Motion for Summary Judgment in Favor of Petitioner in Motion to Vacate Sentence (Document No. 36.). Id., Document No. 45. On January 13, 2010, Petitioner filed a Motion for Default Judgment. Id., Document No. 46. By Order entered on January 20, 2010, the District Court denied Petitioner's Motion for Recusal and Motion for Summary Judgment on Recusal.[3] Id., Document No. 49. On January 28, 2010, Petitioner filed a "Request for Clarification

---

[3] In denying Petitioner's Motions, the District Court found as follows:

At the outset this Court notes that on June 9, 2008, Petitioner filed a judicial

5

of Legal Basis upon which Court Actions Are Made." <u>Id.</u>, Document No. 50. On February 8, 2010,

Petitioner filed a "Motion to Alter or Amend Judgment Pursuant to Rule 59(e), in Order filed on

Recusal Motion." <u>Id.</u>, Document No. 52. Petitioner filed a "Notice of DNA Testing Under Protest"

on July 8, 2010. <u>Id.</u>, Document No. 54. Petitioner's Section 2255 Motion remains pending before

the Western District of North Carolina.

**D.      Second Section 2241 Petition:**

On March 9, 2009, Petitioner filed the instant Application alleging that "§2255 has proven

inadequate and ineffective." (Civil Action 5:09-0209, Document No. 1, p. 2.) In support, Petitioner

claims that "clerk, Frank G. Johns, re-assigned the review of Petitioner's § 2255 motion to vacate

to that same conflicted judge, W. Earl Britt, in spite of the fact that Petitioner had filed three judicial

---

complaint against the undersigned in the Fourth Circuit regarding my supposed lack of impartiality which resulted in my acceptance of the underlying criminal case; allowing the Government to manipulate the system; improperly conducting a bond hearing; denying the right to counsel; and refusing to discipline the Assistant United States Attorney prosecuting the criminal case. On July 7, 2008, the Fourth Circuit issued a lengthy opinion dismissing Petitioner's claims as meritless and lacking in factual support. <u>In the Matter of a Judicial Complaint Under 28 U.S.C. § 351</u>, 04-08-90030 (4th Cir. Jul. 7, 2008); (Doc. No. 3, Ex. 2.) On August 5, 2008, Petitioner petitioned for review of the dismissal. (Doc. No. 3, Ex. 3.) On September 18, 2008, the Fourth Circuit issued a summary denial of Petitioner's appeal. (Doc. No. 3, Ex. 5.) Most recently, on May 26, 2009, the Fourth Circuit Court of Appeals dismissed Petitioner's petition for writ of mandamus seeking an order removing the undersigned from this case for alleged bias. <u>In re Woltz</u>, No. 08-2307, 2009 WL 1453479 (4th Cir. May 26, 2009). Arguably the Court of Appeals's findings alone support denial of the instant motion. <u>See</u> <u>In re Beard</u>, 811 F.2d 818, 827 (4th Cir. 1987)("A district judge's refusal to disqualify himself can be reviewed in this circuit by way of a petition for writ of mandamus.").

Even if they did not, however, denial of the motion is still warranted. Petitioner's present motion is based upon unsubstantiated speculation. No reasonable person would have a reasonable basis for questioning my impartiality based on Petitioner's allegations.

*Woltz v. United States*, Civil Action 3:08-00438, Document No. 49, p. 3.

complaints with the Fourth Circuit regarding the now provable judge-shopping and conspiracy to deny Petitioner his right to a fair tribunal by government." (Id., p. 4.) Petitioner contends that "there is simply no basis in the act or debate that requires this unfair practice . . . of assigning the § 2255 review to the same judge that cannot possibly revisit his own mistakes as objectively as another party." (Id., p. 6.) Petitioner further alleges that Mr. Johns has refused to (1) file motions in Petitioner's Section 2255 case, (2) provide a copy of the docket sheet concerning Petitioner's cases, (3) provide Petitioner with "copies of adversary's filings," (4) file "Petitioner's motions for recusal of Judge W. Earl Britt." (Id., p. 4.) Petitioner explains that the "basis for Petitioner's claims have been (1) actual innocence and (2) multiple violations of law and Constitution by Court and government to garner an illegal conviction and sentence for a 'crime' that does not exist under law (sole conspirator), to a 'conspiracy' that a jury determined in April of 2007, had never occurred." (Id., p. 8.) Petitioner complains that the Western District of North Carolina has granted the government four extensions of time to respond to Petitioner's Section 2255 Motion. (Id., p. 5.) Therefore, Petitioner claims that he "has been effectively barred by the conflicted court and clerk from access or the possibility of an effective or adequate review." (Id., p. 9.)

In support of his instant Petition, Petitioner attaches the following Exhibits: (1) Copy of Petitioner's "Response to Order" in Civil Action No. 08-438 filed in the Western District of North Carolina (Id., Document No. 1, pp. 12 - 19.); (2) Copy of an Order dismissing Petitioner's Section 2241 Petition in Civil Action 08-0438 filed in the Western District of North Carolina[4] (Id., pp. 20 -

---

[4] By Order entered on December 3, 2008, the Western District of North Carolina dismissed Petitioner Section 2241 Petition for lack of jurisdiction. The District Court found as follows (Civil Action No. 5:09-0209, Document No. 1, p. 20 - 21.):

On November 13, 2008, this Court entered an Order stating, for the reasons set forth

21.); (3) Copy of Petitioner's "Request for Judge's Recusal Under 28 U.S.C. § 455" as sought to be filed in Civil Action No. 08-0438 in the Western District of North Carolina (Id., pp. 22 - 25.); (4) Copy of Petitioner's <u>Bivens</u> Complaint allegedly sent to the Western District of North Carolina for filing (Id., p. 26 - 29.); and (5) Copies of Orders granting Respondent extensions of time to file a response to Petitioner's Section 2255 Motion filed in the Western District of North Carolina (Id., pp. 30 - 33.)

On April 6, 2009, Petitioner filed his first Supplemental Section 2241 Petition. (Id., Document No. 3.) As grounds for *habeas* relief, Petitioner alleges as follows: (1) "Actual Innocence" (Id., pp. 10 - 26.); (2) "Plea of guilty coerced by unconstitutional means and through prosecutorial misconduct" (Id., pp. 26 - 32.); and (3) "Ineffective assistance of counsel and refusal to defend to go to trial" (Id., pp. 33 - 45.). Petitioner attaches the following Exhibits: (1) Copy of an Affidavit from Fertina Turnquest as filed in the Supreme Court of the Commonwealth of the Bahamas (Id., Document No. 3-2, pp. 1 - 6.); (2) Copy of an e-mail message from Jack Fernadez to Attorney Matthew Hoefling dated January 8, 2007 (Id., pp. 7 - 8.); (3) Copy of an e-mail message from Attorney Tolly Kennon III to Attorney Hoefling dated November 15, 2006 (Id., pp. 9 - 11.); (4) Copy of a letter from Attorney Freedman to Petitioner dated May 24, 2006 (Id., p. 12.); (5) Copy of letter from Petitioner to Attorney Freedman dated August 11, 2006 (Id., pp. 13 - 47.); (6) Copy of letter from Jeremy P. Ross to Fertina Turnquest dated January 12, 2005 (Id., pp. 48 - 49.); (7)

---

therein, that Petitioner must inform the Court whether or not he consented to his § 2241 motion being construed as a § 2255 motion. Petitioner was clearly notified that if he elected not to have his § 2241 construed as a § 2255, this Court would dismiss his filing for lack of jurisdiction. On November 26, 2008, Petitioner filed a response indicating that he did not want his § 2241 motion construed as a § 2255 motion.

Copy of the "Government's Motion for a Continuance and for a Peremptory Trial Setting" filed in Criminal Action No. 06-0074 (Id., p. 50 - 51.); (8) Copy of the District Court's Order granting the "Government's Motion for a Continuance and for a Peremptory Trial Setting" in Criminal Action No. 06-0074 (Id., p. 52.); (9) Copy of Mecklenburg County Jail Inmate Visitation Log exhibiting visits to Petitioner from April 19, 2006 to September 11, 2006 (Id., pp. 53 - 54.); (10) Copy of letter from Petitioner to Attorney Freedman dated May 26, 2006 (Id., pp. 55 - 67.); (11) Copy of letter from Petitioner to Attorney Freedman giving notice of termination as counsel (Id., Document No. 3-3, pp. 1 - 2.); (12) Copy of a letter from Petitioner to Attorney Freedman dated May 7, 2006 (Id., pp. 3 - 7.); (13) Copy of an e-mail message from Attorney Jack Fernandez to Attorney Hoefling dated January 9, 2007 (Id., pp. 8 - 10.); (14) Copy of an e-mail message from Attorney Kennon to Attorney Hoefling dated January 9, 2007 (Id., pp. 11.); (15) Copy of an e-mail message from Attorney Mayberry to Attorney Hoefling dated January 7, 2007 (Id., p. 12.); (16) Copy of an e-mail message from Attorney Mayberry to Attorney Hoefling dated January 9, 2007 (Id., p. 13.); and (17) Copy of letters from Petitioner to Attorney Freedman dated May 22, 2006, August 2, 2006, August 8, 2006, June 1, 2006, and June 23, 2006 (Id., pp. 14 - 33.).

On May 18, 2009, Petitioner filed his second Supplement to his Section 2241 Petition. (Id., Document No. 4.) Petitioner continues to alleged that he was coerced into pleading guilty "in exchange for the immediate release of his wife, who was being illegally detained and quite literally was dying. Her own innocence has now been proven as well, via documents found in 'discovery' (in Case No. 08-cv-21301 in North Carolina)." (Id., pp. 2 - 3.) Petitioner contends that he was "not a part" of the crime to which he was convicted. (Id., p. 3.) Petitioner states that "AUSA Matt Martens admitted to having e-mails between the actual launderers which proves that I knew nothing

of the account or its activities on July 25, 2006, during a session where I was being threatened with further prosecution . . . unless I gave false testimony against Attorney Rick Graves." (Id.) Petitioner asserts that he was improperly convicted of conspiracy. (Id., pp. 4 - 5.)

On June 22, 2009, Petitioner filed his third Supplement to his Section 2241 Petition. (Id., Document No. 5.) Petitioner contends that he has evidence that the government withheld exculpatory evidence. (Id., pp. 3 - 4.) Specifically, Petitioner states that "AUSA Matthew Martens admitted to me on July 25, 2006, that he had exculpatory e-mails between Currin and the unindicted party on the account at Bank of America, Walt Hannen, in which the spammer's funds were actually laundered, confirming that I knew nothing about this account – and was not to know about it – but Marten withheld this Brady evidence from counsel." (Id., p. 3.) Petitioner continues to claim that he was improperly convicted of conspiracy.[5] (Id., p. 4.)

Petitioner filed a fourth Supplement to his Petition on July 27, 2009. (Id., Document No. 6.) Petitioner states that "evidence of 'judge-shopping' from 2006 was provided to the Senior Judge Graham Mullen." (Id., pp. 2 - 3.) Petitioner claims that "within 3 weeks" of the "judge-shopping evidence" being provided to Senior Judge Mullen, "Judge Britt publicly claimed 'compassion' for his old enemy, after Sam had spent just two debilitating weeks here in the infamous Mecklenburg County Jail, where I've spent 20 of 39 unjust months." (Id.) Petitioner states that his co-defendant, "Hon. Samuel T. Currin (former N.C. Judge, U.S. Attorney, and N.C. Republican Party Chairman)

---

[5] Petitioner contends that the "[a]cquittal of Attorney Rick Graves by the jury in the underlying case (3:06-cr-74) acted as an acquittal of Plaintiff as well, under decided case law, and demanded the conflicted court to order the immediate overturn of his coerced plea and false conviction." (Civil Action 5:09-0209, Document No. 15, p. 6.) The Fourth Circuit, however, has recognized that a jury's acquittal of a co-defendant, who was defendant's only alleged co-conspirator, did not entitle the defendant to reversal of his conviction for conspiracy on grounds of inconsistent verdicts. *See United States v. Collins*, 412 F.3d 515, 519 - 20 (4th Cir. 2005).

is now home with his family, like the others. Only I am in prison." (<u>Id.</u>, p. 2.)

Petitioner filed a fifth Supplement to his Petition on August 14, 2009. (<u>Id.</u>, Document No.
8.) Petitioner continues to argue that his underlying conviction and sentence should be overturned.
Specifically, Petitioner states as follows (<u>Id.</u>):

> Innocence has been proven and a jury has found that no conspiracy ever existed.
> Prosecutorial and judicial misconduct as well as grossly ineffective counsel in a
> false, unauthorized government prosecution has been proven. The only crime falls
> on the side of the government, not myself. The plea was involuntary and proven
> coerced under extraordinary and illegal means render it void under law and decency.

On October 28, 2009, Petitioner filed a Motion for Declaratory Judgment and Memorandum
in Support. (<u>Id.</u>, Document Nos. 10 and 11.) Petitioner argues that he "has now prevailed in his §
2255 petition for the vacation of his sentence in the U.S. District Court of the Western District of
North Carolina pursuant to Rule 56. The Government has conceded issues of actual innocence,
prosecutorial misconduct, and ineffective assistance of counsel, choosing not to object to his Motion
for Summary Judgment filed on July 13, 2009 (Case No. 3:08-cv-438)."[6] (<u>Id.</u>, p. 1.) Petitioner

---

[6] The undersigned finds that Petitioner misrepresents the proceedings conducted in the
Western District of North Carolina in *Woltz v. United States*, Civil Action No. 3:08-0438. Petitioner
has filed three Motions for Summary Judgment in Civil Action No. 3:08-0438: (1) Motion for
Summary Judgment on Discovery Request (Document No. 34), filed on June 17, 2009; (2) Motion
for Summary Judgment in Favor of Petitioner in Motion to Vacate Sentence (Document No. 36),
filed on July 13, 2009; and (3) Motion for Summary Judgment on Recusal and New Evidence
(Document No. 37.), filed on July 13, 2009. Respondent did not file responses to Petitioner's
Motions for Summary Judgment. By Order entered on January 7, 2010, the Western District of
North Carolina denied Petitioner's Motion for Summary Judgment on Discovery Request
(Document No. 34) and Motion for Summary Judgment in Favor of Petitioner in Motion to Vacate
Sentence (Document No. 36). Civil Action 3:08-0438, Document No. 45. By Order entered on
January 20, 2010, the Western District of North Carolina denied Petitioner's Motion for Summary
Judgment on Recusal and New Evidence (Document No. 37.). *Id.*, Document No. 49. Thus,
Petitioner is incorrect in his claim that the Western District of North Carolina granted Petitioner's
Motions for Summary Judgment concerning his Section 2255 action. The undersigned notes that
Respondent's Motion for Summary Judgment is currently pending before the Western District of
North Carolina. *Id.*, Document No. 22. Accordingly, the undersigned finds that Petitioner's Motion

therefore requests that the Court "grant Declaratory Judgment on the Petition for Writ of Habeas Corpus and order his immediate release from prison without further delay." (Id., p. 5.)

## ANALYSIS

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Thus,

_____

for Declaratory Relief filed in the instant action should be denied.

allegations that a federal conviction or sentence is invalid are appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

The undersigned finds that Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Western District of North Carolina. Specifically, Petitioner claims that he is "actually innocent," his "plea of guilty was coerced by unconstitutional means and through prosecutorial misconduct," and trial counsel was ineffective. Petitioner is basically challenging the validity of his conviction and sentence, not the manner in which his sentence is being executed. Therefore, in view of the nature of Petitioner's claims, the Application in this case must be considered as a Motion to Vacate, Set Aside or Correct his sentence under Section 2255.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) It is also clear that a second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. This

13

District Court therefore lacks jurisdiction to consider Petitioner's Section 2255 Motion because Petitioner was not sentenced in this District. Rather, jurisdiction is properly in the Western District of North Carolina where Petitioner was sentenced. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's Application in this case should be dismissed because Petitioner is currently proceeding under Section 2255 in the sentencing Court[7] and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[8]

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he can resort to Section 2241. First, Petitioner alleges that Section 2255 is inadequate or ineffective because the sentencing judge, District Judge Earl Britt, is biased against Petitioner. An allegation of judicial bias by the sentencing court does not render Section

---

[7] The undersigned notes that Petitioner's Section 2255 Motion contains all the grounds of error asserted in his instant Section 2241 Motion.

[8] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion.

2255 inadequate or ineffective because of the availability of a motion for recusal or disqualification. See Purvis v. Wiley, 214 Fed. Appx. 774 (10th Cir. 2007)(finding that '[t]he alleged bias of a sentencing court does not . . render a § 2255 motion inadequate or ineffective because the petitioner may move to recuse the judge"); Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir. 1988)(finding that petitioner "has a remedy available by way of a motion for recusal or disqualification of biased judges that would make a Section 2255 motion . . . an effective remedy even if his allegations of bias are true and sufficient"), cert. denied, 488 U.S. 982, 109 S.Ct. 533, 102 L.Ed.2d 565 (1988). Additionally, Petitioner's claim concerning bias by District Judge Britt has been found meritless by the Fourth Circuit. In the Matter of a Judicial Complaint Under 28 U.S.C. § 351, 04-08-90030 (4th Cir. Jul. 7, 2008); In re Woltz, 2009 WL 1453479 (4th Cir. May 26, 2009).

Next, Petitioner alleges that Section 2255 is inadequate or ineffective because the sentencing court has improperly delayed Petitioner's Section 2255 proceedings by granting Respondent's Motions for Extension of Time to File a Response to Petitioner's Section 2255 Motion. An allegation of improper delay in ruling upon a petitioner's Section 2255 Motion does not render Section 2255 inadequate or ineffective because a writ of mandamus compelling the district court to take action would make the Section 2255 remedy effective. See Tripati, 843 F.2d at 1163. The undersigned further finds that there is no evidence that a ruling upon Petitioner's Section 2255 has been improperly delayed. The Court finds that Respondent filed a Response to Petitioner's Section 2255 Motion on February 27, 2009, which was approximately five months after Petitioner filed his Section 2255 Motion and three months after the original Response deadline.[9] Therefore, Petitioner

---

[9]  The undersigned notes that the Respondent filed four Motions for Extension of Time to file a response. *Woltz v. United States*, Civil Action No. 3:08-0438, Document Nos. 5, 8, 14, 16. In support of his first motion for extension, Respondent stated that additional time was necessary due

has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Application and his Section 2241 Petition should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Motion for Declaratory Judgment (Document No. 10.), **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document Nos. 1, 3 - 6, and 8.), and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court,

---

to "the voluminousness of petitioner's filings, which were ongoing" and "undersigned counsel has filed three briefs with the Fourth Circuit this week." *Id.*, Document No. 5. In support of his second and third motions, Respondent explained that additional time was necessary to obtain an affidavit from petitioner's trial counsel, who need "more time to review his file." *Id.*, Document Nos. 8 and 14. In support of his fourth motion, Respondent stated that additional time was necessary because (1) counsel "did not receive the affidavit from Woltz's counsel until after this Court's last order, and was out of the office that entire week in training," (2) counsel "was preparing for and presenting oral argument in two appeals in the Fourth Circuit" during the last part of January, and (3) counsel "filed two Fourth Circuit appeal briefs this week." *Id.*, Document No. 16. The District Court granted all of Respondent's Motions for Extension of Time. *Id.*, Document Nos. 6, 11, 15, 17.

written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: July 21, 2010.

R. Clarke VanDervort
United States Magistrate Judge