IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

HOWELL W. WOLTZ,

        Petitioner,

v.                                      CIVIL ACTION NO. 5:09-cv-00209

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART PROPOSED FINDINGS AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the Proposed Findings and Recommendation ("PF&R") submitted by the assigned United States Magistrate. By Standing Order (Document No. 2) filed on March 9, 2009, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for the submission of proposed findings of fact and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate has submitted his PF&R and recommended that this Court deny Petitioner's Motion for Leave to File Habeas Corpus Petition Under 28 U.S.C. § 2241 ("2241 Application") (Document No. 1), deny Petitioner's Motion for Declaratory Judgment (Document No. 10) and dismiss this matter from the Court's docket. Petitioner has timely submitted his objections to the PF&R.

Upon consideration of the pleadings, the motions and memorandum filed in support thereof, the findings of the Magistrate, the objections made thereto and on the entire record therein, the Court adopts in part the PF&R.

## I. BACKGROUND AND PROCEDURAL HISTORY

The background of this case has been explained fully in the PF&R. In sum, on February 6, 2007, in the Western District of North Carolina, Petitioner Howell W. Woltz pled guilty to conspiracy to defraud the United States (tax conspiracy) and to engaging in money laundering.[1] On October 15, 2007, the court entered its Judgment sentencing Petitioner to a term of imprisonment of sixty (60) months in Criminal No. 3:06-0074, a concurrent term of imprisonment of eighty-seven (87) months in Criminal No. 5:07-0003, and a three-year term of supervised release in each case to run concurrently.

Petitioner did not challenge his conviction on direct appeal, but did file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the Western District of North Carolina on September 23, 2008. (*See Woltz v. United States*, Civil Action No. 3:08-00438). In his Section 2255 Motion, Petitioner raised issues with respect to (1) breach of contract by the Government; (2) constitutional violations in coercion of involuntary plea of guilty to uncommitted crimes; (3) judicial misconduct; (4) actual innocence, and (5) ineffective assistance of counsel. (*See Woltz v. United States*, Civil Action No. 3:08-00438, Document No. 1.) The court ordered the Government to respond to the motion. (*Id*., Document No. 2.) After several continuances, the Government submitted its response to Petitioner's Section 2255 Motion and submitted a motion for summary judgment on February 27, 2009. (*Id*., Document Nos. 21- 22.) Petitioner filed his Reply (*id*., Document No. 30) one month later on March 27, 2009. The Section 2255 Motion and several other related motions are still pending.

---

[1] Petitioner was prosecuted and charged by Indictment with three other persons in *United States v. Woltz*, Criminal No. 3:06-0074 (W.D.N.C.). He was also charged by Information in *United States v. Woltz*, Criminal No. 3:07-0003 (W.D.N.C.).

Nearly six (6) months after filing his Section 2255 Motion, on March 9, 2009, Petitioner filed the instant Section 2241 Application–his second such motion–in this Court and alleged that the remedy pursuant to Section 2255 has proven inadequate and ineffective.[2] (*See* 2241 Application at 2.) In support of this contention, Petitioner claims that the Western District of North Carolina Court Clerk, Frank G. Johns, has (1) re-assigned the Petitioner's Section 2255 Motion to the same "conflicted judge, W. Earl Britt, in spite of the fact that Petitioner had filed three judicial complaints with the Fourth Circuit regarding the now provable judge-shopping and conspiracy to deny Petitioner his right to a fair tribunal by [the] government"; (2) refused to file motions in Petitioner's Section 2255 case; (3) refused to provide a copy of the docket sheet; (4) refused to provide Petitioner with "copies of adversary's filings," and (5) refused to file "Petitioner's motions for recusal of Judge W. Earl Britt." (*Id.* at 3-4.)[3] Petitioner also complains that the sentencing court has granted an extension of time to the government "beyond the 'fixed time'" for the filing of its opposition to the Section 2255 Motion "though no request for an extension was ever filed." (*Id*. at 5.) Petitioner further states that the "conflicted court" has denied his request for transcripts and that his Section 2255 Motion "languishes in the hands of

---

[2] On September 17, 2008, Petitioner filed his first Section 2241 Petition with this Court. (Civil Action 08-1103, Document No. 1), wherein he argued that his constitutional and statutory speedy trial rights were violated in the course of his prosecution in the Western District of North Carolina and also alleged prosecutorial misconduct and ineffective assistance of counsel. On October 22, 2008, the assigned magistrate transferred the matter to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1631. Upon its transfer, the Western District Court of North Carolina advised Petitioner of his rights under *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), and ordered him to indicate whether he desired his Section 2241 Petition to be construed as a 2255. The court cautioned that if he elected to have his Section 2241 filing to remain as such, the court would dismiss the filing for lack of jurisdiction. Petitioner advised the court that he did not desire the matter to be construed as a Section 2255 motion. By Order entered on December 3, 2008, the Western District of North Carolina dismissed Petitioner's Section 2241 motion for lack of jurisdiction. On September 29, 2009, the Western District of North Carolina denied Petitioner's "Motion to Alter Judgment Under Rule 59(e)."

[3] All citations to Petitioner's Section 2241 Application are to page numbers instead of the numbered paragraphs.

the conflicted court who refuses to recuse itself or respond to Petitioner's motion(s) to do so." (*Id*. at 5-6.) Without obtaining leave of court, Petitioner supplemented his Section 2241 Application on five occasions.[4] In each supplemental filing, Petitioner alleges that his underlying conviction should be overturned and provides his arguments with respect to his actual innocence, his alleged involuntary plea, ineffective assistance of counsel, exculpatory evidence that the government withheld, and the government's "judge shopping" in 2006.[5]

On October 28, 2009, Petitioner moved for declaratory judgment by contending that the "[m]ovant has now prevailed in his §2255 petition for the vacation of his sentence in the U.S. District Court of Western [District of] North Carolina pursuant to Rule 56. Government has conceded issues of <u>actual innocence</u>, <u>prosecutorial misconduct</u> and <u>ineffective assistance of counsel</u>, [by] choosing not to object to his Motion for Summary Judgment filed on July 13, 2009 (Case No. 3:08-cv-438)." (Petitioner's Motion for Declaratory Judgment at 1.)

## II. STANDARD OF REVIEW OF THE MAGISTRATE JUDGE'S PF&R

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other

---

[4] (*See* Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Document No. 3) (Petitioner begins the pleading with the following: "Comes Now the Petitioner, pro se, seeking relief under 28 U.S.C. section 2241 from a sentence imposed for crimes uncommitted." Petitioner lists the issues for the Court's consideration as (1) actual innocence; (2) plea of guilt coerced by unconstitutional means and through prosecutorial misconduct; and (3) ineffective assistance of counsel and refusal to defend or go to trial); May 15, 2009 Letter to Judge R. Clarke VanDervort (Document No. 4) filed May 18, 2009; May 15, 2009 Letter to Judge R. Clarke VanDervort (Document No. 5) filed June 22, 2009; July 23, 2009 Letter to Pro Se Law Clerk (Document No. 6) filed July 27, 2009; Request for Habeas Corpus Under Art.1 Section 9, U.S. Constitution (Document No. 8)). Any reference to the Petitioner's pleadings herein encompasses each supplement.

[5] (*See* PF&R at 8-11) (overview of each pleading).

standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R *de novo*, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III.  THE PF&R

In his proposed findings and recommendations, the assigned United States Magistrate Judge found that Petitioner's claims are those properly considered under a 28 U.S.C. § 2255 motion, rather than a Section 2241 petition, because Petitioner has essentially challenged the validity of his conviction and sentence imposed by the Western District of North Carolina. He also found that this Court lacked the jurisdiction to consider a Section 2255 Motion because Petitioner was not sentenced in this district, and that Petitioner has not and cannot demonstrate that a motion brought pursuant to Section 2255 is inadequate or ineffective such that he can resort to a Section 2241 petition.[6] The Magistrate noted that any allegations of judicial bias by

---

[6] Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

the sentencing court does not render the Section 2255 remedy inadequate because of the availability of a motion for recusal or disqualification. Likewise, the Magistrate found that any allegations of improper delay in the consideration of his motion does not render Section 2255 inadequate or ineffective because a writ of mandamus compelling the district court to take action could render the Section 2255 remedy effective. Based upon these findings, the Magistrate recommended that Petitioner's Application should be construed as a successive motion under Section 2255 and denied (1) because Petitioner has not obtained the authorization of the Fourth Circuit Court of Appeals to file a successive Section 2255 Motion, (2) jurisdiction is in the Western District of North Carolina, the court wherein Petitioner was sentenced, and (3) in any event, Petitioner is not entitled to relief under Section 2241.

With respect to the Petitioner's motion for declaratory judgment the Magistrate found that Petitioner misrepresented the proceedings conducted by the sentencing court in Civil Action No. 08-438 and noted that Petitioner's summary judgment motion was denied on January 7, 2010. Therefore, Magistrate Judge VanDervort recommended that the Petitioner's Motion for Declaratory Judgment be denied.

## IV. DISCUSSION

The PF&R sets forth in detail the relevant facts involved in this case, and the Court incorporates by reference those facts without further recitation. The Court has reviewed the Petitioner's Objections to the Report and approximately 200 pages of documents the Petitioner believed the magistrate ignored in consideration of his motions.[7] This Court finds that Petitioner

---

[7] Petitioner forwarded two letters to the Court which contained exhibits that included, among other things, communications between Petitioner and his attorney, Mr. Freeman; communications from Petitioner's defense consultant to his attorneys; motions to recuse Judge W. Earl Britt; correspondence and filings with the Fourth

principally asserts two (2) specific objections to the PF&R: (1) he objects to this Court's decision to construe his Section 2241 Application as a Section 2255 Motion and (2) he contests the finding that the Section 2255 remedy is adequate and effective.

With respect to his first objection, Petitioner contends that his Section 2241 Application is appropriate given the "imprisonment of a provably innocent man who was de facto acquitted by a jury under controlling law" and he challenges "[t]he execution of [his] sentence, after the conflicted court was required by law to set the defendant free[.]" (*See* Objections to Magistrate's Report to District Court ("Objections") (Document No. 19) at 49). Petitioner further asserts that "[t]here is no lawful basis for executing a sentence of a legally innocent man, forced by illegal means to 'confess' to knowingly uncommitted crimes, which a jury then found days afterward to have never existed." (*Id*. at 36.) Petitioner requests that this Court use its authority to "release an innocent man from an unconstitutionally executed sentence." (*Id*.) Notwithstanding the Petitioner's attempt to clothe claims properly brought pursuant to 28 U.S.C. § 2255 in his Section 2241 Application, this Court overrules his objection.

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief. A Section 2241 petition attacks the manner in which a sentence is executed (*see* 28 U.S.C. § 2241(a)), while a Section 2255 motion challenges the validity of a conviction or sentence. (*See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000)). To challenge the validity of a conviction or sentence, such motion must be brought in the court which imposed the sentence. (28 U.S.C. § 2255(a)).

---

Circuit Judicial Commission in which he asserted a complaint against the sentencing court. (*See* Letter to the Court, Document Nos. 20-21.)

Petitioner's own assertions reveal that his contentions are cloaked in a challenge of his conviction. In his pleadings, he argues at length that: (1) he was coerced into pleading guilty and accepting a plea agreement by the government to obtain the release of his wife who was ill; (2) he is actually innocent of the charges for which he is convicted; (3) when his co-defendant, and the only alleged co-conspirator involved in the charged conspiracy, was found innocent at his jury trial, he was also de facto found innocent of the conspiracy (despite the fact that Petitioner was not tried before a jury and that he pled guilty to the criminal offenses prior to the co-defendant's trial); (4) his trial counsel was ineffective in that he did not pursue a direct appeal or shield him from the institution of additional criminal charges (*i.e.*, money laundering) and (5) that the prosecutor "shopped" for a judge "two jurisdictions away" to ensure the case was before the Honorable W. Earl Britt. Petitioner also contends that the assigned prosecutor withheld exculpatory evidence and violated the government's agreement not to pursue additional criminal charges against him if he assisted in the prosecution of a co-defendant. Finally, Petitioner asserts that the sentencing court accepted the assignment of his criminal case despite having a "blood feud" against one of Petitioner's co-defendants, Samuel T. Currin. Petitioner alleges that the judge's decision to preside over the criminal case demonstrates a bias and prejudice. To the extent that Petitioner contends that a Section 2241 Application is appropriate to consider these issues, the Court rejects such an assertion.

Petitioner obviously seeks this court to review his conviction which he believes is unlawful and to immediately release him from custody. (*See* Objections at 74) ("[Petitioner] prays this Honorable Court to grant his petition for writ of habeas corpus as requested, dismiss the Report of Findings and Recommendations . . . and order the warden . . . to release him to the liberty of which he has been unduly and unlawfully deprived."); *see also* Petition For Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Document No. 3) ("Petitioner prays this Honorable Court to issue a Writ of [H]abeas [C]orpus, ordering the release of prisoner Howell W. Woltz . . . from federal custody, overturning his conviction with prejudice.")). Just as the Magistrate concluded–because Petitioner is challenging his underlying conviction–his claims are properly made pursuant to 28 U.S.C. § 2255. While Petitioner may have styled his filing as a Section 2241 Application, it is assuredly a thinly veiled Section 2255 Motion. There has been a "longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir.2003) (citing *United States v. Emmanuel*, 288 F.3d 644, 647 (4th Cir.2002)).

Petitioner's attempts to assert an argument that he is challenging the "improper execution" of an "improper sentence" is a misnomer that does not hide his true intent, which is to have his conviction vacated and to be immediately released. (*See Mitchell v. Gunja,* 76 Fed.Appx. 865, 867 (10th Cir.2003) (unpublished) ("[The petitioner's] challenge to the validity of his conviction and his challenge to the validity of his confinement as a violation of his liberty because it is based on an improper conviction are, at root, the same challenge to his conviction and should be brought under § 2255.") (citation omitted). Thus, this Court lacks jurisdiction to consider such issues as the claims should be asserted in a Section 2255 motion in the sentencing court. Indeed, the Magistrate found–and it was not disputed–that Petitioner has asserted the same arguments noted in the instant Section 2241 Application in his Section 2255 Motion currently pending in the Western District of North Carolina. Therefore, Petitioner's objections to the Court's finding that his claims are proper in a Section 2255 motion are overruled. Further,

given that Petitioner has alleged these very claims in his pending Section 2255 Motion, the Court dismisses Petitioner's Section 2241 Application as to these claims.[8]

With respect to Petitioner's second objection, as stated above, Petitioner does not contest that the alleged issues are included in his Section 2255 Motion pending before the sentencing Court, but he contends that remedy is inadequate due to the bias and prejudice of the sentencing court and its delay in considering his Section 2255 Motion. While a federal prisoner may not seek collateral relief from a conviction or sentence by way of a Section 2241 petition generally, there is an exception under the oft-referenced "savings clause" in Section 2255. The provision provides that a prisoner may seek relief under Section 2241 if the remedy under Section 2255 is "inadequate or ineffective to test the validity of his detention." (28 U.S.C. § 2255(e)). The United States Court of Appeals for the Fourth Circuit has held that Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first Section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of Section 2255 because the new rule is not one of constitutional law. (*See Jones*, 226 F.3d at 333-34.)

Petitioner does not satisfy the criteria set forth in *Jones*.[9] With respect to Petitioner's allegations of judicial bias, the Magistrate found that the Section 2255 remedy is not inadequate

---

[8] This is the Court's second determination that Petitioner is attempting to litigate the validity of his sentence in this Court. (*See supra*, n.2.)

[9] (*See United States v. Thomas*, 900 F.2d 37, 40 (4th Cir. 1990)).

because of the availability of a motion for recusal or disqualification of the sentencing court. Petitioner counters, in his objections, that he did, in fact, seek both a recusal and disqualification of the sentencing court, to no avail.  In May 2008, Petitioner also submitted an affidavit of judicial and prosecutorial misconduct complaint to the United States Court of Appeals for the Fourth Circuit. (*See* Letter to the Court (Document No. 21), at 38-52, 55-72.)   However, his complaint was denied on July 7, 2008 (*Id*. at 53); *see also* (Letter to the Court (Document No. 21-1) at 1-8.)  On May 26, 2009, The Court of Appeals denied Petitioner's writ of mandamus seeking an order to remove the district judge from his case due to bias. (*See In re Woltz*, 325 Fed.Appx. 232 (4th. Cir. 2009) (petitioner failed to demonstrate a clear right to relief.))  On January 20, 2010, the sentencing court denied Petitioner's motion to recuse. (*See Woltz v. United States*, Civil Action No. 3:08-00438, 2010 WL 330218 (W.D.N.C. Jan. 20, 2010).  The Court observes that the Petitioner did not challenge the January 20, 2010, decision of the sentencing court to deny his motion to recuse or move for reconsideration of the decision.  Notwithstanding these findings, Petitioner continues to assert that the sentencing court is biased.  Petitioner has relentlessly asserted that the sentencing court has a thirty-year "blood feud" against his co-defendant, Samuel Currin. However, the Court finds that Petitioner has not demonstrated how such a "blood feud," indeed, if one exists, between Judge W. Earl Britt and Samuel Currin, has imputed any prejudice to him.  Petitioner directs the Court to consider that the sentencing court has given the Government several extensions of time in which to file a response to his Section 2255 Motion, but has denied his one request for an extension of time.  The Court finds that the sentencing court's utilization of its discretion to grant or deny continuances is not sufficient to assert that a Section 2255 Motion in the sentencing court is inadequate. Therefore, this Court

finds that the issue of alleged bias of the sentencing court has been litigated and no further finding is warranted.

Moreover, Petitioner asserts that he is being denied the opportunity to file documents in the sentencing court, denied copies of the docket and the filings of the Government, and that his Section 2255 Motion has been delayed. First, Petitioner has presented no evidence that evinces the claim that he has been denied the opportunity to file any documents. Petitioner has neither explained when nor how he was denied a copy of the docket sheet, asserted a need for the information or demonstrated how he was prejudiced by not receiving the same.

With respect to the Petitioner's assertions that the sentencing court has delayed consideration of his Section 2255 Motion, this Court finds that such assertion is not sufficient to warrant a finding that Section 2255 is an inadequate remedy. This Court finds that Petitioner filed the instant Section 2241 Application approximately six (6) months after filing his Section 2255 Motion and prior to filing his reply memorandum in support of that motion. Petitioner makes much to do about the sentencing court's granting of extensions of time to the Government to file a response to his Section 2255 Motion. Although the response was filed five (5) months after it was first ordered, a review of the docket in Civil No. 08-438 reveals that the opposition was timely. Moreover, the sentencing court has also considered this argument and concluded the same. (*See Woltz v. United States*, Civil Action No. 3:08-00438, Document No. 45.) This Court finds that the Section 2255 Motion was fully briefed in March, 2009 when Petitioner filed his reply. While it appears that eighteen (18) months has elapsed between the filing of the reply and this Court's instant considerations, the Court finds that this time does not render the Section 2255 remedy inadequate. The Court notes that there is also an outstanding motion to amend the Section 2255 Motion pending. The sentencing court may very well consider that additional

briefing is necessary upon ruling on the motion to amend. Moreover, just as the Magistrate found, the Section 2255 remedy is not inadequate where Petitioner can file a writ of mandamus in the Fourth Circuit Court of Appeals to compel a decision. Petitioner erroneously asserts that he has done so. However, such an assertion is not borne out by the record in this case or a review of the docket in *Woltz v. United States*, Civil Action No. 3:08-00438. While Petitioner has sought a writ of mandamus to disqualify Judge W. Earl Britt, he has not sought a writ of mandamus to compel a decision. Petitioner states that a writ of mandamus is "like claiming that a frog could fly if he had wings, only the latter is more likely than a pro se . . . getting a writ of mandamus in the courts today." (Objections at 11) His later contention that such a course of action will be unsuccessful is pure speculation and makes the option no less available. Therefore, this Court finds that Petitioner has not demonstrated that the remedy afforded by Section 2255 is inadequate.

With respect to Petitioner's Motion for Declaratory Judgment (Document No. 10), Petitioner argues that he has already prevailed on his motion for summary judgment by law when the government did not respond to his motion for summary judgment. (*Id.* at 1.) The record reveals that Petitioner moved for summary judgment with respect to his Section 2255 Motion on July 13, 2009. The government did not file an opposition to the motion. However, Petitioner's motion for summary judgment was denied by the sentencing court on January 7, 2010. In his decision, Judge Britt explained that it is the practice in that jurisdiction that the government is not required to respond to pro se petitioner's filings unless ordered to do so. Petitioner contends that no such local rule exists. However, even if this Court lends credit to Petitioner's contention, the Court finds his position flawed. In the event that a nonmoving party fails to file a response to a motion for summary judgment, the district court should not simply grant the motion as

13

unopposed. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir.1993). Rather, the moving party still must show that it is "entitled to a judgment as a matter of law." (*Id.*) (quoting Fed.R.Civ.P. 56(c)). "[T]he court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." (*Id.*); *see also* Fed.R.Civ.P. 56(e)(2) (stating that "[i]f the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party"). The Court finds that the sentencing court has considered Petitioner's summary judgment motion and denied it. Petitioner's assertions that he "won" his summary judgment motion is contrary to the sentencing court's ruling. Any review or consideration of that ruling does not lie in this Court. Thus, the Court adopts the findings and recommendation of the Magistrate. Petitioner's Motion for Declaratory Judgment is denied.

The Court finds that the balance of Petitioner's objections are wholly without merit and are, therefore, overruled.[10] Finally, while the Petitioner did not specifically contest the Magistrate's finding that his Section 2241 Application, when construed as a Section 2255 Motion, is a second or successive motion, as that term is used in 28 U.S.C. § 2255(h), the Court declines to adopt that finding given that the Petitioner's first Section 2255 Motion has not been

---

[10] Petitioner asserted his discontentment with the Court's referral of *pro se* prisoner litigation to a magistrate for findings and recommendation. (*See* Objections at 38.) The Court finds that Petitioner complains about the procedural aspects of *pro se* prisoner litigation. To the extent that such contentions may be deemed a proper objection, the Court finds that it is a general conclusory objection, which does not warrant *de novo* review and is without merit. Delegation to the magistrate of cases–pressed in the nature of the instant case–does not run afoul of the Constitution as this Court retains its authority to consider the issues under dispute and to accept, reject or modify the magistrate's findings. (*See United States v. Raddatz*, 447 U.S. 667, 680 ("Due process rights . . . are adequately protected by [28 U.S.C.] § 636(b)(1). . . . [T]he district court judge alone acts as the ultimate decisionmaker, the statute grants the judge broad discretion to accept, reject, or modify the magistrate's proposed findings.") Petitioner also states his "vociferous objections if the U.S. Attorney's office of the Western District of North Carolina . . . was allowed to participate in any way in the preparation of this piece of judicial trickery, labeled 'Proposed Findings and Recommendations.'" (*Id*. at 44.) To the extent, this statement may be deemed an objection, the Court finds this objection absurd and without substantive argument or presentation of evidence.

decided on the merits. (*See Witherspoon v. United States*, Nos. 5:10CV76-V-2, 5:04CR5-1-V, 2010 WL 2629574, at *2 (W.D.N.C. June 28, 2010); *White v. United States*, Civil No.1:09cv67, 2009 WL 2634583, at *1-2 (N.D. W. Va. Aug. 24, 2009) ("[A] § 2255 [motion] is considered successive if an earlier § 2255 [motion] has been dismissed on the merits.") (citation omitted)).

## V. CONCLUSION

Thus, for the reasons stated above, the Court does hereby **ORDER** that the Magistrate's Proposed Findings and Recommendation is **ADOPTED IN PART**. The Court **ORDERS** that Petitioner's Motion for Leave to File Habeas Corpus Petition Under 28 U.S.C. § 2241 ("2241 Application") (Document No. 1) and Motion for Declaratory Judgment (Document No. 10) are **DENIED**. The Court **DIRECTS** the Clerk to **REMOVE** this matter from the Court's docket and send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 30, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA