IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

HOWELL W. WOLTZ,

          Petitioner,

v.                                        CIVIL ACTION NO. 5:09-cv-00209

UNITED STATES OF AMERICA,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Petitioner's *Motion for Reconsideration Pursuant to Rule 59(e) of Dismissal of Habeas Corpus Petition* ("Motion for Reconsideration") (Document No. 24.) In said motion, Petitioner requests reconsideration of the Court's finding that Petitioner, in his Habeas Corpus Petition Under 28 U.S.C. § 2241, asserts claims challenging the validity of his conviction and sentence which are properly brought pursuant to 28 U.S.C. § 2255 before the court which imposed the sentence. Petitioner also challenges the Court's finding that post-conviction remedies pursuant to 28 U.S.C. § 2255 are inadequate or ineffective given his claims of bias, prejudice and delay.

In opining on the propriety of granting a motion to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

*Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002)(citation omitted); *see also United States v.*

*Gomez*, No.09-8110, 2010 WL 2354216 (4th Cir. June 14, 2010) (unpublished) (*citing Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396 (4th Cir. July 7, 1998)). The circumstances under which this type of motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" *Woodrum v. Thomas Mem'l. Hosp. Found., Inc.*, 186 F.R.D. 350, 351 (S.D. W. Va. 1999)(citation omitted).

The facts surrounding Petitioner's motions do not fall within the limited circumstances under which a Rule 59(e) motion may be granted as enunciated by the Fourth Circuit Court of Appeals. The Court finds that the instant motion is largely a restatement of Petitioner's arguments in his Section 2241 Petition, subsequent amendments to the petition, and in his response to the Magistrate's proposed findings and recommendation.[1] Petitioner's motion for reconsideration does not present evidence that was unavailable for his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241[2], does not stem from an intervening change in the applicable law, or demonstrate that a clear error of law has been made. *See Hill*, 277 F.3d at 708. Nor can the Court find that its failure to grant the motions would result in manifest injustice to Petitioner. Upon

---

[1] Plaintiff asserts that the Court did not consider his Motion for Report of Status (Document No 15), which he characterizes as an "amended petition [which] was very important to the [his] case[.]" (*See* Motion for Reconsideration at 20-21.) Petitioner contends that "dismissal without review or consideration [of the Motion for Report of Status] by this court appears to be in violation of both Rule 15(a)(1) . . . and Rule 12 of Habeas Corpus, as well as being tantamount to stating a case under [t]he Sixth Amendment for denial of access to the Court." (*Id*. at 21.) The Court finds that Petitioner's instant argument with respect to the Motion for Report of Status is wholly without merit. Further, the Court finds that the matters detailed in Petitioner's Motion for Report of Status are the same arguments and claims presented in his purported Section 2241 Petition and the various supplements thereto. Even if the Court lends credit to Petitioner's contention that the Motion for Report of Status was an "amendment" to his petition, the Court finds that Petitioner did not seek leave to amend his petition as required by the applicable Federal Rule of Civil Procedure. Further consideration of the Motion for Report of Status is not warranted herein.

[2] Attached to the instant motion are three exhibits: (1) February 8, 2010 Letter from the Clerk of Court in the Western District of North Carolina instructing Petitioner to "file all future pleadings, etc. with the Charlotte office[]"; (2) Petitioner's affidavit dated October 3, 2010 swearing to the veracity of his book, "Justice Denied: the United States v. the People[]"; (3) Petitioner's book, "Justice Denied: the United States v. the People." The Court has reviewed the exhibits and finds that the matters detailed therein are immaterial to the Court's previous ruling on Petitioner's Section 2241 Petition.

consideration of the instant motion and the entire record of this case, the Court **ORDERS** that Petitioner's *Motion for Reconsideration Pursuant to Rule 59(e) of Dismissal of Habeas Corpus Petition* (Document No. 24) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:      October 14, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA